IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT EARL CLAYBORNE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 8:15CV144 |
| | ) | |
| v. | ) | |
| | ) | |
| LANCASTER COUNTY, et al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Robert Earl Clayborne, Jr., filed this case on April 27, 2015. Clayborne has been granted leave to proceed in forma pauperis. The Court now conducts an initial review of Clayborne's complaint (Filing No. 1-1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. SUMMARY OF COMPLAINT**

Clayborne relayed the following chronology of events relating to his claims. Upon Clayborne's arrest for second-degree assault, he was incarcerated at the Lancaster County Jail on December 27, 2011. On this same date, he informed a paralegal from the Lancaster County Public Defender's Office that he suffers bipolar disorder, but he was not taking medication or seeing a doctor for the condition. (Filing No. 1-1 at CM/ECF p. 2.)

On February 1, 2012, defendant Mary Howell, a mental health practitioner at the jail, evaluated Clayborne. Clayborne informed Howell that he had previously taken mood stabilizers while residing in Washington, but he was no longer taking the medication. He also advised her he was receiving "Social Security disability." Howell recommended that Clayborne take mood stabilizers. Clayborne alleged Howell "recommended referral to psychiatry with no follow up on plaintiff." (Filing No. [1-1 at CM/ECF p. 3](#).) The Court cannot discern from this allegation whether Howell failed to "follow up" with Clayborne's treatment or whether psychiatry failed to "follow up" with Howell's recommendation, or whether Clayborne intended to allege something else entirely.

On May 21, 2012, Clayborne appeared for a "plea hearing" in a state district court in Lancaster County, Nebraska, with defendant Judge Stephanie Stacy presiding. Clayborne was represented at this hearing by his public defender, defendant Christopher Eickholt, and the State of Nebraska was represented by defendant Lori Pasold.[1] (Filing No. [1-1 at CM/ECF p. 3](#).) According to Clayborne, during these proceedings, Clayborne

---

[1] For context, the Court notes the copies of public records attached to Clayborne's complaint reflect he pled "no contest" to charges of second-degree assault and use of a deadly weapon to commit a felony in May of 2012 in the District Court of Lancaster County, Nebraska. (*See* Filing No. [1-1 at CM/ECF p. 21](#).)

informed Judge Stacy he has been suffering from bipolar disorder, depression, and anxiety since his youth, but had not taken medication for his depression since 2009.  (Filing No. 1-1 at CM/ECF p. 4.)

On June 26, 2012, Clayborne appeared for a sentencing hearing.  He again noted his mental illnesses, but Judge Stacy determined Clayborne "was not amendable [sic] to the treatment options that was [sic] provided" and sentenced him to prison terms of 10 to 15 years and 15 to 20 years.  (Filing No. 1-1 at CM/ECF p. 5.)

Clayborne alleged he filed a motion for postconviction relief in the state district court on October 12, 2013, in which he argued he was mentally incompetent at the time he committed the crimes underlying his criminal conviction.  He also alleged Judg Stacy, Eickholt, and Pasold failed to "have [him] evaluated for competency."  (Filing No. 1-1 at CM/ECF p. 5.)  In addition, he alleged medical staff within the jail failed to provide him psychiatric care.  (Filing No. 1-1 at CM/ECF p. 5.)  Defendant Patrick Condon represented the State of Nebraska during these post-conviction proceedings.  (Filing No. 1-1 at CM/ECF p. 5.) Clayborne alleged Judge Stacy denied his motion for post-conviction relief.  (Filing No. 1-1 at CM/ECF p. 6.)

In this action, Clayborne has sued all of the defendants mentioned above -- i.e., Howell, Judge Stacy, Eickholt, Pasold, and Condon -- and also Lancaster County, the Lancaster County Jail Director, the Lancaster County Medical Director, the Lancaster County Correct Care Solutions Medical Department, and the State of Nebraska. (Filing No. 1-1 at CM/ECF p. 1.) The Court will discuss Clayborne's claims against these defendants in detail below.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**III. DISCUSSION**

Liberally construed, Clayborne alleges violations of his Eighth Amendment rights brought pursuant to 42 U.S.C. § 1983. He also references the Americans with Disabilities Act and "Gender and Racial discrimination." However, having presented no allegations of disparate treatment or failure to accommodate a disability, the Court will disregard these conclusory statements and focus its analysis on Clayborne's § 1983 claims. For the reasons discussed below, the Court finds Clayborne has not stated claims upon which relief may be granted against any of the defendants named in the complaint.

**A. Defendant State of Nebraska**

Clayborne's claims against the State of Nebraska are barred by the Eleventh Amendment to the United States Constitution, which provides states with immunity from suits brought by citizens of other states and from suits brought by a state's own citizens. *See* Hadley v. North Arkansas Cmty. Technical Coll., 76 F.3d 1437, 1438 (8th Cir. 1996), *cert. denied*, 519 U.S. 1148 (1997); Hans v. Louisiana, 134 U.S. 1, 15 (1890).

**B. Defendants Lancaster County and Lancaster County Employees Acting in Their Official Capacities**

Clayborne has sued Lancaster County and Lancaster County employees acting in their official capacities. A

plaintiff seeking to hold a municipality liable under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." [Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997)](). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404.

Here, Clayborne has not alleged Lancaster County was the moving force behind any of his alleged injuries. Therefore, his complaint fails to state a claim upon which relief may be granted against Lancaster County and against Lancaster County employees acting in their official capacities.

**C. Defendant Judge Stacy**

Clayborne has sued a state district court judge and, in part, he seeks money damages from her in her individual capacity. The Court must consider whether such claims are barred under the doctrine of judicial immunity.

A judge is immune from suit, including suits brought under Section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Clayborne alleged no facts against Judge Stacy that would fall outside the scope of her duties in presiding over his criminal proceedings. Accordingly, his individual-capacity claims against her for money damages are barred on the basis of judicial immunity.

Clayborne also seeks injunctive relief in this case in the form of a psychiatric evaluation. However, to the extent Clayborne seeks such relief because he believes it will undermine his criminal conviction, he should be aware that he may not use this action to challenge the validity of his criminal proceedings. In *Heck v. Humphrey*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the

judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus.  512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (*Heck* applies to claims for damages, as well as to claims for injunctive relief that necessarily would imply the invalidity of plaintiff's conviction); *Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n. 2 (10th Cir. 2003) (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying *Heck* exist).

For these reasons, the court finds Clayborne has not stated any claim upon which relief may be granted against Judge Stacy.

**D.  Defendants Pasold and Condon**

Clayborne has sued two prosecutors and, in part, he seeks money damages from them in their individual capacities. The Court must consider whether such claims are barred under the doctrine of prosecutorial immunity.

-9-

Prosecutors "are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (citations omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996). However, where a prosecutor's actions are investigatory or administrative, that individual is entitled only to qualified immunity. *Id.* The focus in determining the nature of the prosecutor's actions is "whether the [prosecutor's] act was closely related to [her] role as advocate for the state." *Id.* at 1267.

Here, Clayborne alleged no facts against Pasold or Condon that would fall outside the scope of their prosecutorial duties during Clayborne's criminal proceedings and the related post-conviction proceedings. Accordingly, his individual-capacity claims against Pasold and Condon for money damages are barred on the basis of prosecutorial immunity. Moreover, as

already explained, to the extent Clayborne has sued Pasold and Condon in an attempt to challenge his criminal conviction, he is barred from doing so under the precedent established in *Heck v. Humphrey*.

**E.     Defendant Eickholt**

Clayborne has sued his court-appointed public defender for violations of his civil rights. However, 42 U.S.C. § 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *West*, 487 U.S. at 48. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322, n. 13.

For these reasons, the Court concludes Clayborne has not stated a claim upon which relief may be granted against Eickholt.

**F.     Defendants Lancaster County Jail Director and Lancaster County Medical Director**

These directors of the Lancaster County Jail are referenced only in Clayborne's introduction of the defendants. (*See* Filing No. 1-1 at CM/ECF p. 1.) That is, Clayborne did not

-11-

allege either of these defendants were personally involved in the alleged violations of his constitutional rights. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See [Krych v. Hvass, 83 F. App'x 854, 855 (8th Cir. 2003)](#)* (citing *[Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974)](#)* (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

Accordingly, the Court finds Clayborne has not stated a claim upon which relief may be granted against the Lancaster County Jail Director or the Lancaster County Medical Director.

**G.  Defendant Howell**

Clayborne has sued Mary Howell and Howell's employer, the Lancaster County Correct Care Solutions Medical Department. Liberally construed, Clayborne seeks relief from Howell in her individual and official capacities for violations of the Eighth Amendment. For the reasons that follow, the Court finds that Clayborne's allegations do not suggest Howell violated his rights under the Eighth Amendment.

To prevail on an Eighth Amendment claim, Clayborne must prove that Howell acted with deliberate indifference to his serious medical needs. *See* [Estelle v. Gamble, 429 U.S. 97, 106 (1976)](). The deliberate indifference standard includes both an objective and a subjective component. Clayborne must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See* [Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)]() (quoting [Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir.1997)]()).

Here, Clayborne alleged only that Howell evaluated him and then referred him to psychiatry based on her recommendation that he take mood stabilizers. (Filing No. [1-1 at CM/ECF p. 3]().) These allegations do not suggest Howell was deliberately indifferent to Clayborne's medical needs. Accordingly, the Court finds Clayborne has failed to state a claim upon which relief may be granted against Howell.

IT IS ORDERED:

1. On the Court's own motion, Clayborne will be given 30 days in which to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint will result in dismissal of this case without further notice to Clayborne.

2. Clayborne's amended complaint will supersede Clayborne's original complaint and, therefore, the amended complaint must not incorporate any part of Clayborne's original complaint. Clayborne is encouraged to use the blank civil complaint form to draft his amended complaint, which the clerk of the court will provide to him. **To avoid confusion, any amended complaint Clayborne sends to the clerk of the court for filing in this case must clearly display the case number and must reflect it is his amended complaint**.

3. The clerk of the court is directed to set the following pro se case management deadline: December 7, 2015: check for amended complaint; dismiss if none filed.

4. The clerk of the court is directed to send to Clayborne a blank civil complaint form.

DATED this 6th day of November, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.