IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAZMYNE MCMILLER, | | |
| Plaintiff, | | **8:15CV254** |
| vs. | | |
| FRED J. HIYKEL, | | **ORDER** |
| Defendant. | | |

This matter is before the Court on Plaintiff's Motion for Enlargement of Time for Discovery and Limited Depositions (Filing No. 52) and Amended Motion for Enlargement of Time for Discovery and Limited Depositions (Filing No. 53). The motions will be denied.

## BACKGROUND

This action was removed from state court on July 14, 2015. (Filing No. 1.) Plaintiff's original counsel was permitted to withdraw from the case on August 1, 2016 (Filing No. 25), and Plaintiff's current counsel entered a formal appearance on September 21, 2016. (Filing No. 28.) Following a planning conference with counsel for the parties on October 12, 2016, the Court entered a progression order (Filing No. 31), setting Plaintiff's expert witness disclosure deadline as December 1, 2016. The deposition deadline was set as March 31, 2017, and written discovery was to be completed in advance of the deposition deadline. Discovery motions were to be filed no later than the deposition deadline. The summary judgment deadline was set as February 13, 2017. However, this deadline was later extended to March 31, 2017. (Filing No. 36.)

Defendant served requests for admissions and requests for production of documents upon Plaintiff on February 9, 2017. (Filing No. 43-3.) Plaintiff served discovery requests on Defendant on May 2, 2017. (Filing No. 42.) On or about May 15, 2017, Plaintiff served answers to Defendant's discovery requests. (Filing No. 58.) Defendant served responses to Plaintiff's discovery requests on June 2, 2017, objecting on the grounds that the requests were served after the close of written discovery. (Filing Nos. 47, 54-1.)

On June 9, 2017, Plaintiff filed a motion requesting that the time for "providing and answer[ing]" discovery be extended, and that the deposition deadline be extended to allow Plaintiff to depose Officer Fred Hiykel and Police Chief Todd Schmaderer. (Filing No. 52.) Plaintiff filed an amended motion requesting this relief on June 12, 2017. (Filing No. 53.) Notably, Plaintiff's brief offered in support of her Amended Motion for Enlargement of Time for Discovery and Limited Depositions also requests that the expert disclosure deadline be extended, but this request is not included in either motion. (Filing No. 54.)

On June 15, 2017, a telephone conference was held between counsel for the parties and the Court to discuss Plaintiff's motions. During the conference, Defendant's counsel informed the Court that Defendant opposed the motions and wanted to submit a brief in opposition. To accommodate the filing of a brief and a ruling on the motions, the pretrial conference and trial were continued. The Court advised the parties that the pretrial conference and trial would be rescheduled following the ruling on Plaintiff's motions.

## DISCUSSION

Defendant argues that Plaintiff's motions should be denied because Plaintiff has not been diligent in meeting the scheduling order deadlines. The Court agrees.

Plaintiff has requested that the Court modify the progression order by extending the written discovery, deposition, and expert disclosure deadlines. Under the Federal Rules of Civil Procedure, a progression schedule "may be modified *only for good cause*." Fed. R. Civ. P. 16(b)(4) (emphasis added). "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." *Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (internal quotation omitted). However, when a motion to modify is made after the deadline set in the progression order, the Court may extend time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[T]he determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993) (internal quotation omitted).

Plaintiff has not shown good cause for modification of the progression order or that she has acted diligently in meeting scheduling deadlines. The deadline for completing depositions and written discovery was March 31, 2017. The deadline for filing discovery motions was also March 31, 2017. It appears that Plaintiff did not even attempt to serve any written discovery upon Defendant until *after* the written discovery deadline had expired. (Filing No. 42.) Although Defendant filed a summary judgment motion, he did not do so until March 31, 2017, which was the deposition and discovery deadline. (Filing No. 37.) Still, in opposition to the summary judgment motion, Plaintiff's counsel represented that he was "ready to move this case to trial." (Filing No. 43-3.) However, now counsel states he requires additional time to conduct discovery, including the deposition of Fred Hiykel, the named defendant. Counsel has provided no legitimate explanation for his failure to seek this discovery at an earlier time, nor has he identified any new circumstances warranting an extension.

The most Plaintiff's counsel offers to support his extension request is the fact that he did not enter a formal appearance in this case until September 21, 2016. Plaintiff's counsel represents that prior to that time, no discovery had been conducted, and he had to rebuild the case file. However, Plaintiff counsel participated in the planning conference at which the discovery, deposition, and expert disclosure deadlines were seemingly discussed. (Filing No. 31.) Also, counsel could have requested deadline extensions well in advance of the expiration of those deadlines, yet he did not do so. Plaintiff's counsel has offered no explanation for this failure. Notably, Plaintiff's counsel did not even reply to Defendant's opposition to these motions.

In short, Plaintiff has not shown good cause supporting modification of the progression order, let alone excusable neglect. Plaintiff has not demonstrated that she (or her counsel) acted diligently to meet scheduling deadlines or that any recent development warrants an extension of those deadlines. Additionally, it must be noted that reopening discovery at this late stage would unduly prejudice Defendant. This is especially true with respect to Plaintiff's request for an extension of the expert disclosure deadline. Allowing Plaintiff to disclose expert witnesses at

this juncture—eight months after the expiration of the deadline—would likely create a host of additional discovery that would further delay the trial of this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Enlargement of Time for Discovery and Limited Depositions (Filing No. 52) and Amended Motion for Enlargement of Time for Discovery and Limited Depositions (Filing No. 53) are denied. The following deadlines will govern the remainder of this case:

1.   Pretrial Disclosures - Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

   a.   Nonexpert Witnesses - On or before **September 25, 2017**: The name, address and telephone number[1] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   b.   Deposition Testimony and Discovery - The designation of discovery testimony and discovery responses intended to be utilized at trial is not required at this time.

   c.   Trial Exhibits - On or before **September 25, 2017**: A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

   d.   Waiver of Objections - Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the Court for good cause shown.

---

[1] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or ***documents filed with the Court***, redact Social Security numbers, home addresses, telephone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties. *See* NECivR 5.3.

2. Motions in limine (other than those challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993)) shall be filed on or before **October 3, 2017.**

3. The Final Pretrial Conference with the assigned magistrate judge is set for **October 10, 2017, at 10:00 a.m.,** in chambers, 111 South 18th Plaza, Suite 2271, Roman L. Hruska United States Courthouse, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[2] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

4. Mediation and Settlement:

   a. If the parties intend to mediate their dispute, notice of the mediation shall be given to the staff of the assigned magistrate judge's office. The filing of a mediation reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

   b. Not later than two weeks prior to trial, plaintiff or plaintiff's counsel shall serve on Defendant or Defendant's counsel a written, updated settlement proposal. Defendant or Defendant's counsel shall respond in writing to such proposal not later than one week before trial.

   c. Notice of settlement shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may – and normally will – be made against a party and/or counsel for one or more of the parties. For

---

[2] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk. *See* NECivR 5.3.

purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

5.      A three day jury trial is set to commence on **October 23, 2017**, in Omaha, Nebraska, before the Honorable Joseph F. Bataillon, Senior United States District Judge. Unless otherwise ordered, jury selection shall be at the commencement of trial.

Dated this 4th day of August, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge